JACOB WAGNER v. C. P. HOLMES, Judge.

## Liquor Nuisance: VIOLATION OF INJUNCTION: CONTEMPT: EVIDENCE,

*Certiorari to Polk District Court.*

THURSDAY, MAY 18, 1893.

PROCEEDING by *certiorari* to review the action of the district court in and for Polk county, adjudging the plaintiff guilty of contempt.— *Affirmed.*

*H. G. Carpenter* and *J. F. Conrad*, for plaintiff.

*Spurrier, Dowell & Parrish*, for defendant.

GIVEN, J.—On July 14, 1892, the plaintiff was, by decree of said district court, enjoined from using a certain building and premises for the selling and keeping for illegal sale intoxicating liquors, and from selling and keeping for illegal sale intoxicating liquors, in Polk county, Iowa. On October 1, 1892, this plaintiff appeared before said court, in obedience to a former order thereof, to show cause was he should not be punished for a contempt of court, for having violated said injunction. Upon full hearing he was adjudged guilty, and judgment entered as authorized in such cases. The plaintiff's claim is, that the court proceeded illegally for the reason that there was no evidence that he had kept or sold any intoxicating liquor after said injunction was granted against him. Witness Kelly testified to drinking what he believed to be beer, in the place described, about seven weeks before the hearing for contempt. An officer testified that on making a search of said premises, August 8, 1892, he found two eight-gallon kegs of beer. There is no pretense that the beer drank by the witness, or contained in the two kegs, was other than intoxicating liquor; but the plaintiff claims and testifies that soon after the injunction was granted he sold the restaurant where these liquors were, and had no connection with it until September 12, 1892, when he repurchased it. His evidence as to the sale of the restaurant is not satisfactory. The transaction savors largely of an effort to evade the law, rather than a *bona fide* sale. It is unnecessary that we here discuss the evidence at length. It is sufficient to say that in view of what is shown concerning this alleged sale of the restaurant, and the plaintiff's subsequent connection with it, the district court was fully warranted in finding him guilty of contempt.

Counsel have discussed at length whether a liquor which plaintiff admits he sold was within the meaning of the statute. Having reached the conclusion just announced, it is unnecessary that we consider this question. The plaintiff's petition is dismissed, and the judgment of the district court AFFIRMED.